In re KELL.

(No. 538—Decided October 29, 1953.)

*Mr. Robert K. Shoecraft,* for petitioner.
*Mr. J. A. Finney,* for respondent.

HORNBECK, J. Petitioner seeks release from the Greene County jail by a proceeding in habeas corpus. The cause is submitted on an agreed statement of facts. The facts essential to an appreciation of the question presented are as follows: The petitioner was charged in the mayor's court of Cedarville, Ohio, with driving a motor vehicle while intoxicated. He entered a plea of guilty and was sentenced to pay a fine and to be imprisoned. The charge to which the petitioner pleaded guilty was committed in Xenia township, Greene county, but not within the corporate limits of the city of Xenia. There is a Municipal Court in the city of Xenia which serves not only the city but Xenia township as well.

In July 1953 petitioner with others instituted a proceeding in habeas corpus in the Common Pleas Court of Greene County, seeking his release from imprisonment while awaiting his trial on the charge against him in the mayor's court of Cedarville. The case was

tried to Judge Johnson who prepared a written opinion with which we have been favored. We find that although the judge mentions Section 1584, General Code, his attention was principally focused on Section 13422-2, General Code, as, no doubt, was that of counsel. Judge Johnson properly held that Section 13422-2, General Code, related only to justices of the peace. He cited and commented also on Sections 4527 and 4528, General Code. Section 4527, General Code, clothes the mayor with jurisdiction to determine prosecutions for violations of ordinances within the corporation which he serves. Section 4528, General Code, provides:

"He shall have final jurisdiction to hear and determine any prosecution for a misdemeanor, unless the accused is, by the constitution, entitled to a trial by jury, and his jurisdiction *in such cases* shall be *co-extensive with the county,* * * *." (Emphasis ours.)

A later section vests the mayor with jurisdiction in the cases encompassed by Section 4528, General Code, although the accused may be entitled to a trial by jury, if the accused waives a jury before trial.

Such a waiver was signed by petitioner in his case.

The question is whether the Municipal Court Act establishing the Xenia Municipal Court and defining its territorial jurisdiction limits the general county-wide jurisdiction of the mayor of Cedarville in misdemeanors, as provided by Section 4528, General Code. By the stipulation it appears that the place where the offense was committed by petitioner was within the territory allotted to the Municipal Court of Xenia.

Section 1584, General Code, which we analyze by sentences, provides:

"Upon the institution of a Municipal Court, the jurisdiction of the mayor and the police justice in all

civil and criminal causes shall terminate within the municipality in which such Municipal Court is located.''

''Mayor and the police justice,'' singular in form, refers only to such officers ''within the municipality in which such Municipal Court is located.'' In this case the city of Xenia.

''All other mayors within the territory may retain such jurisdiction as now provided in all criminal causes involving violation of ordinances of their respective municipalities to be exercised concurrently with the Municipal Court.''

All other mayors, plural in form, includes mayors other than the mayor in the city where the Municipal Court is located. The jurisdiction vested in this sentence is of no interest in this case because it relates to ordinances only.

''Upon the institution of a Municipal Court, the jurisdiction of justices of the peace and police justices in all civil and criminal causes shall terminate in any township or municipality which is entirely within the territory. Upon the institution of a Municipal Court, the jurisdiction of justices of the peace in all civil and criminal causes shall terminate in that part of any township which is included within the territory.''

These sentences relate, the first, to justices of the peace and police justices, the second, to justices of the peace only. Neither affects the jurisdiction of mayors.

The mayor of Cedarville does not serve in the territory allotted by statute to the Municipal Court of the city of Xenia. There is nothing in the language of Section 1584, General Code, which modifies, affects or limits the county-wide jurisdiction accorded to the mayor of Cedarville in misdemeanors by Section 4528, General Code. He, therefore, had jurisdiction to pro-

nounce the sentence and judgment against petitioner on which he is now imprisoned in the Greene county jail.

*Petitioner remanded to custody.*

WISEMAN, P. J., and MILLER, J., concur.